# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CRISTIAN M. LOGA-NEGRU,

                Petitioner,

v.

RANDALL R. HEPP,

                Respondent.

Case No. 21-CV-1097-JPS

**ORDER**

      On September 20, 2021, Cristian M. Loga-Negru ("Loga-Negru") filed a cover letter and a thirty-six-page document titled "Petition for Extraordinary Writ" seeking return of certain property and complaining that he was prevented from accessing his legal materials during confinement, which affected his ability to litigate an appeal of a small-claims replevin action. (Docket #1 at 1–8, #1–1 at 1); *see also Loga-Negru v. Hanson*, 953 N.W.2d 123 (Table), 2020 WL 6751388 (Wis. Ct. App. 2020). His filings also discuss his appeal of his criminal conviction, which is currently pending before the Wisconsin Supreme Court. (Docket #1 at 9–36). He outlines six issues for review, all of which pertain to the underlying criminal conviction currently on appeal. (Docket #1 at 10–11; #1-1 at 2).

      Thereafter, Loga-Negru sent a letter to the Court explaining that his initial submission was merely a request for information about how to proceed under 28 U.S.C. § 2254 and requesting that this case be dismissed until the Wisconsin Supreme Court rules on his criminal appeal. (Docket #4). Then, Loga-Negru filed a motion to proceed in this District without prepaying the filing fee. (Docket #6). Therein, he noted that "this form supersedes the note of dismissal sent to this court a day before," because he

"assumes that the habeas corpus will be stayed until the Wisconsin Supreme Court" issues a decision and the U.S. Supreme Court issues a writ of certiorari. (*Id.* at 4). Recently, Loga-Negru filed a letter inquiring whether the Court received his jurisdictional form and whether his case could remain with this Court. (Docket #9).

Loga-Negru's initial petition does not clearly seek any relief from this Court. However, construing Loga Negru's petition as one for relief pursuant to § 2254, the Court must deny it as premature. As his submissions demonstrate, he is aware that there is no final state court judgment in his criminal case. (Docket #4 at 1.)[1] A final state court judgment is a prerequisite to a prisoner's ability to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Loga-Negru understands that there is no final judgment in case 2019AP1023, which is the appeal of his criminal conviction. He avers that if the Wisconsin Supreme Court issues an "adverse decision, [he] will file a writ of certiorari with the U.S. Supreme Court first." (*Id.*) Thus, because his

---

[1] It is unclear what type of relief, if any, Loga-Negru seeks as to his replevin action, which, he avers, was dismissed by the Wisconsin Supreme Court as untimely. (*See* Docket #1-1). After providing little factual background, he asks the Court to "exercise jurisdiction over property related to the action in replevin . . . ." (*Id.*) The Court has no authority to do that. The Wisconsin Court of Appeals affirmed the trial court's return of certain items but rejected his "demand for return of [certain] impounded property, as his challenge to his conviction [in the criminal matter] continues. All proceedings have not been completed." *Loga-Negru*, 2020 WL 6751388, at *2.

petition is untimely, the Court will deny it and will dismiss this case without prejudice. The Court will also deny Loga-Negru's request that the Court "stay" this case so that it will remain with this Court. If the Wisconsin Supreme Court issues an adverse judgment, Loga-Negru can refile his petition after it is both timely and final.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), a petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, no reasonable jurists could debate whether Loga-Negru's petition is timely. As a consequence, the Court is compelled to deny a certificate of appealability as to his petition.

The Court closes with some information about the actions that Loga-Negru may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure

59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Lastly, to the extent that Loga-Negru intends to assert claims against the prison for the issues he presents in his introduction—i.e., that he was prevented from accessing his legal materials and the law library to the detriment of his replevin claim—he must file a prisoner complaint with this District, and not a petition for habeas relief. The Court will instruct the Clerk of Court to send Loga-Negru the following documents: (1) Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin; and (2) Complaint (for filers who are prisoners without lawyers).

Accordingly,

**IT IS ORDERED** that Petitioner Cristian M. Loga-Negru's petition for an extraordinary writ (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the motion to proceed without prepayment of the filing fee (Docket #6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Cristian M. Loga-Negru's request for a stay be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court send Petitioner Cristian M. Loga-Negru (1) a Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin; and (2) a Complaint (for filers who are prisoners without lawyers).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge