UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRISTIAN M. LOGA-NEGRU,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>RANDALL R. HEPP,<br><br>　　　　　　　　　　Respondent. | Case No. 21-CV-1097-JPS<br>7th Circuit Case No. 22-1544<br><br>**ORDER** |

　　　　On September 20, 2021, Petitioner Cristian M. Loga-Negru ("Loga-Negru") filed a cover letter and a thirty-six-page document titled "Petition for Extraordinary Writ" seeking return of certain property and complaining that he was prevented from accessing his legal materials during confinement, which affected his ability to litigate an appeal of a small-claims replevin action. ECF No. 1 at 1–8; ECF No. 1–1 at 1; *see also Loga-Negru v. Hanson*, 953 N.W.2d 123 (Table), 2020 WL 6751388 (Wis. Ct. App. 2020). His filings also discuss his appeal of his criminal conviction, which Loga-Negru indicated was still pending before the Wisconsin Supreme Court. ECF No. 1 at 9–36 (featuring a brief to the Wisconsin Supreme Court seeking review of a decision from the Wisconsin Court of Appeals). The filing outlines the six issues that were submitted for review to the Wisconsin Supreme Court. ECF No. 1 at 10–11.

　　　　Thereafter, Loga-Negru sent a letter to the Court explaining that his initial submission was merely a request for information about how to proceed under 28 U.S.C. § 2254 and requesting that this case be dismissed until the Wisconsin Supreme Court rules on his criminal appeal. ECF No. 4. In that letter, Loga-Negru also stated that if the Wisconsin Supreme Court

issued an adverse decision, he would "file a Writ of Certiorari with the U.S. Supreme Court first," before filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* Then, Loga-Negru filed a motion to proceed in this District without prepaying the filing fee. ECF No. 6. Therein, he noted that "this form supersedes the note of dismissal sent to this court a day before," because he "assume[d] that the habeas corpus will be stayed until the Wisconsin Supreme Court" issued a decision and the U.S. Supreme Court issues a writ of certiorari. *Id.* at 4. In total, these submissions supported the inference that Loga-Negru's state court case had yet to be exhausted.

On December 29, 2021, the Court issued an order and judgment denying Loga-Negru's petition. ECF Nos. 11, 12. In its order, the Court observed that Loga-Negru's "initial petition does not clearly seek any relief from the Court." ECF No. 11 at 2. The Court explained, "construing Loga Negru's petition as one for relief pursuant to § 2254, the Court must deny it as premature" because "there is no final state court judgment." *Id.* In its order, the Court also denied Loga-Negru's request that the Court stay the case until his judgment became final. *Id.* at 3. The Court advised Loga-Negru that once his judgment became final, he could refile a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* The Court also informed Loga-Negru that if he sought to "assert claims against the prison for the issues he presents in his introduction—i.e., that he was prevented from accessing his legal materials and the law library to the detriment of

his replevin claim—he must file a prisoner complaint with this District, and not a petition for habeas relief." *Id.* at 4.[1]

1. **ANALYSIS**

    1.1 **Motion to Amend/Correct Defects and Motion to Withdraw**

    On March 1, 2022, Loga-Negru filed a motion to amend/correct defects in the integrity of the habeas proceeding. ECF No. 13. The motion describes certain issues that Loga-Negru encountered after filing a petition for writ of habeas corpus and request to proceed *in forma pauperis* with the Wisconsin Supreme Court. ECF No. 13 at 1. First, Loga-Negru requests that the Court "roll back the stay of his sentence" for a period of 51 days. *Id.* at 2. Loga-Negru calculates the 51 days based upon the difference between September 13, 2021, when he filed his petition with the Wisconsin Supreme Court, and November 3, 2021, when the Wisconsin Supreme Court dismissed the petition without prejudice for failure to attach a trust fund account statement under Wis. Stat. § 814.29(1m)(g). *Id.* at 1. Second, Loga-Negru argues that a February 17, 2022 decision and order from the Racine County Court was misconstrued and decided as a motion for postconviction relief, instead of as a request for an evidentiary hearing, as intended by Loga-Negru. *Id.* Loga-Negru avers that this misunderstanding impacted his timing for submitting a habeas petition. *Id.*

    On March 14, 2022, Loga-Negru filed a motion to withdraw his motion to amend/correct defects. ECF No. 14. In the motion to withdraw, Loga-Negru states that he seeks to withdraw the entire motion to amend/correct defects, "despite the fact that only partial withdrawal is

---

[1] Loga-Negru has since filed a prisoner complaint on these issues. *See Loga-Negru v. Hepp*, Case No. 22-CV-276-JPS (E.D. Wis.).

intended." *Id.* at 1. Loga-Negru continues, explaining that the 51-day period between September 13, 2021 and November 3, 2021 "has been deemed innocuous" and "does not produce irreparable harm." *Id.*; ECF No. 14–1 at 1. Loga-Negru does not explicitly address the evidentiary hearing issue, although he states that through his partial withdrawal, he seeks to withdraw "technically all [of] the issues from the above-named motion, because the toll does not produce irreparable harm." ECF No. 14–1 at 1. Based on this language, the Court understands Loga-Negru to be seeking withdrawal of the motion to amend/correct defects as to both the 51-day period issue and the evidentiary hearing issue. Accordingly, the Court will deny the motion to amend/correct defects as moot and grant the motion to withdraw.

### 1.2 Motion for Leave to Appeal Without Prepayment of the Filing Fee

On March 21, 2022, Loga-Negru filed a letter with the Court requesting that the Court "take no action" on his complaints. ECF No. 15. Thereafter, on April 1, 2022, Loga-Negru filed a cover letter, notice of appeal of the Court's December 29, 2021 order and judgment, and a motion for leave to proceed *in forma pauperis* on his appeal. ECF Nos. 16, 16–1, 17.

Loga-Negru may not proceed *in forma pauperis* on appeal unless the Court certifies in writing that the appeal is taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Loga-Negru takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In his cover letter, Loga-Negru states that he "do[es] not have an action ready for the Court" and that he "understand[s] that pursuing some

Page 4 of 8
Case 2:21-cv-01097-JPS    Filed 04/11/22    Page 4 of 8    Document 22

of the complaints[] is neither a priority nor in [his] best interest." ECF No. 16–1 at 1. He further requested "to place all of the civil actions in abeyance if possible, or dismiss the ones named above at the top." *Id.* The instant action is one of the two named in the subject line of the cover letter. *Id.* Nonetheless, Loga-Negru further stated in his cover letter that, "[a]s the deadline for appeal of the case above is at an end, attached please find the paperwork associated with the case for Extraordinary Writ." *Id.*

As an initial matter, the Court notes that the deadline for Loga-Negru to appeal the Court's December 29, 2021 order and judgment expired thirty days after the entry of judgment. ECF No. 11 at 3 (citing Fed. R. App. P. 3, 4). Judgment was entered on December 29, 2021; accordingly, Loga-Negru's time to appeal expired on January 28, 2022. Thus, his appeal is not timely. Moreover, Loga-Negru's appeal is not taken in good faith, as no reasonable jurists could debate whether his motion presented a viable ground for relief. The Court does not discern any ground for appeal, and Loga-Negru's motion to appeal *in forma pauperis* merely refers to Federal Rule of Appellate Procedure 9, which pertains to releasing a defendant on bail pending appeal. The Court will deny Loga-Negru's motion for leave to proceed *in forma pauperis* on his appeal.

### 1.3 Exhaustion Requirement

In the course of addressing Loga-Negru's motions, the Court learned that his underlying state court case may be exhausted. A district court may not address the merits of constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). A state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C.

Page 5 of 8
Case 2:21-cv-01097-JPS   Filed 04/11/22   Page 5 of 8   Document 22

§ 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts a constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

For this reason, a final state court judgment is a prerequisite to a prisoner's ability to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

The Court refers to its December 29, 2021 order, wherein the Court stated that "Loga-Negru can refile his [habeas] petition" after exhausting his state court remedies and receiving a final judgment. ECF No. 11 at 2. The state court docket indicates that the Court of Appeals recently granted a motion for leave to appeal *in forma pauperis*; therefore, it is not immediately clear whether Loga-Negru's state court case is ongoing. However, on July 14, 2021, the Wisconsin Court of Appeals affirmed Loga-Negru's judgment of conviction and the orders denying his postconviction motions. *State v. Loga-Negru*, 970 N.W.2d 565 (Wis. Ct. App. 2021). The Wisconsin Supreme Court dismissed Loga-Negru's petition for review on

Page 6 of 8
Case 2:21-cv-01097-JPS   Filed 04/11/22   Page 6 of 8   Document 22

November 17, 2021. *State v. Loga-Negru*, No. 2014CF001626 (Wis. Nov. 17, 2021), https://wcca.wicourts.gov/. Loga Negru's petition for writ of certiorari was then denied by the U.S. Supreme Court on March 28, 2022. *Loga-Negru v. Wisconsin*, No. 21-7009, 2022 WL 892183 (U.S. Mar. 28, 2022). Thus, notwithstanding the recent activity on the state court docket, it appears that Loga-Negru's petition may be finally exhausted.

If this is the case, then, pursuant to § 2244(d)(1)(A), Loga-Negru has one year from March 28, 2022, the date his writ of certiorari was denied by the U.S. Supreme Court, to refile his habeas petition.

### 2. CONCLUSION

The Court will direct the Clerk of Court to send Loga-Negru a copy of the following documents: (1) the District's form petition, titled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody"; and (2) "Habeas Corpus: Answers to State Petitioners' Common Questions." If Loga-Negru intends to refile his habeas petition, he must fill out and file the District's form petition as a new case, keeping in mind his one-year deadline to do so, as laid out above.

Accordingly,

**IT IS ORDERED** that Cristian M. Loga-Negru's motion to amend/correct defects in the integrity of the habeas proceeding, ECF No. 13, be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that Cristian M. Loga-Negru's motion to withdraw the motion to amend/correct defects, ECF No. 14, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Cristian M. Loga-Negru's motion for leave to appeal without prepayment of the filing fee, ECF No. 17, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send to Cristian M. Loga-Negru a copy of the following documents: (1) the District's form petition, titled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody"; and (2) "Habeas Corpus: Answers to State Petitioners' Common Questions."

Dated at Milwaukee, Wisconsin, this 11th day of April, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge